**Samuel GUTERMAN, Plaintiff,**

**v.**

**Richard S. SCHWEIKER, in his official capacity as Secretary of Health and Human Services, Defendant.**

Civ. A. No. 81–71177.

United States District Court, E. D. Michigan, S. D.

July 31, 1981.

4. The joint opinion of Judges Pollak and Shapiro does not discuss this issue.

Edward J. Hoort, Michigan Legal Services, Detroit, Mich., for plaintiff.

Mark R. Werder, Asst. U. S. Atty., Detroit, Mich., for defendant.

## OPINION AND ORDER

FEIKENS, Chief Judge.

Samuel Guterman is an Orthodox Jew, whose religious beliefs require him to walk to and from an Orthodox Jewish synagogue for religious services. In order for him to live within walking distance of a synagogue, Jewish Family Services subsidizes his rent. Instead of paying rent, Guterman pays $60.00 per month to Jewish Family Services. The organization supplements this amount with $196.00 of its funds, then submits the total rent of $256.00 to Guterman's landlord. Because of this arrangement, Guterman's Supplemental Security Income ("SSI") benefits have been reduced from $262.30 per month to $182.97 per month. 42 U.S.C. § 1382a(a)(2)(A); 20 C.F.R. § 416.1140(a)(1). He brought this suit to force the Department of Health and Human Services to restore his benefits to their former level.

■ Plaintiff argues that the reduction of his benefits violates the Free Exercise Clause of the First Amendment. Pursuant to the Housing Authorization Act of 1976, Pub.L.No.94–375, § 2(h), 90 Stat. 1068 (1976), U.S.Code Cong. & Admin.News 1976, p. 1885, defendant does not reduce the SSI benefits of individuals who benefit from reduced rent because they live in housing subsidized through the United States Housing Act of 1937, § 8, 42 U.S.C. § 1437f. Plaintiff has tried for the past several years to obtain an apartment in Jewish Federation Apartments, the only § 8 housing within walking distance of an Orthodox synagogue. He has not succeeded. Thus, he is forced to choose between living near a synagogue and living in housing which would enable him to receive full SSI benefits. Under those circumstances, he contends that defendant's reduction of his benefits violates his First Amendment rights. I agree.

In *Thomas v. Review Board,* 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981), the Supreme Court held that Indiana could not deny unemployment compensation to a person who quit his job to avoid work which would violate his religious beliefs. It said:

> Where the state conditions receipt of an important benefit upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs, a burden upon religion exists....

> .    .    .    .    .

> The mere fact that the petitioner's religious practice is burdened by a governmental program does not mean that an exemption accommodating his practice must be granted. The state may justify an inroad on religious liberty by showing that it is the least restrictive means of achieving some compelling state interest. However, it is still true that '[t]he essence of all that has been said and written on the subject is that only those interests of the highest order can overbalance legitimate claims to the free exercise of religion.'

450 U.S. at 718, 101 S.Ct. at 1432.

Under these principles, plaintiff prevails. Whatever its intent, defendant's decision and the lack of § 8 housing near Orthodox synagogues force plaintiff to choose between significantly greater SSI benefits and his religious duty to walk to services on the Sabbath. In such a situation, *Thomas* requires defendant to show that the reduction of plaintiff's benefits is "the least restrictive means of achieving some compelling ... interest."

Defendant has not seriously contended that it could meet this test. Instead, it has argued that the grant of full SSI benefits to plaintiff would violate the Establishment Clause, because other SSI recipients who receive private housing subsidies for nonreligious reasons will continue to have their benefits reduced. 42 U.S.C.

§ 1382a(a)(2)(A); 20 C.F.R. § 416.1140(a)(1). However troubling this result may be, defendant's argument was rejected in *Thomas,* 450 U.S. at 719, 101 S.Ct. at 1433.

If plaintiff lived in § 8 housing within walking distance of a synagogue, he would be entitled to SSI benefits of $262.30, and would pay rent of $65.57 per month. In order to avoid violation both of the Free Exercise and of the Establishment Clauses, defendant must adjust plaintiff's SSI benefits so that the amount which he retains after he pays his rent equals the amount which he would retain after paying rent if he lived in § 8 housing. At current levels, plaintiff is entitled to SSI benefits of $256.73.

For this reason, IT IS ORDERED that, so long as no § 8 housing is available to plaintiff within walking distance of an Orthodox Jewish synagogue, plaintiff's benefits shall be reduced only to the degree necessary to provide him with the same income, after he pays his rent, as he would have if he lived in such housing; and

IT IS FURTHER ORDERED that all sums previously withheld from plaintiff in excess of this amount be promptly repaid to him.